**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Darren Clark Green, | ) Case No. 2:25-cv-08727-BHH-MGB |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Deputy Posey; Sheriff Ritchie; and County of Charleston, | ) |
| Defendants. | ) |

Darren Clark Green ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action on July 28, 2025, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned finds that Plaintiff's Complaint is duplicative of another civil action currently before this Court and therefore recommends that this case be summarily dismissed.

On June 2, 2025, Plaintiff filed a civil action against Charleston County Deputy Posey and Sheriff Ritchie alleging various constitutional violations—including false arrest, illegal search and seizure, and denial of due process, among other claims—based on his arrest on October 30, 2024, and subsequent criminal proceedings. *See Green v. Posey*, Case No. 2:25-cv-04804-BHH-MGB (D.S.C.). Upon reviewing the initial filings in that case, the undersigned issued an order notifying Plaintiff that the Court needed to "complete an initial review of [his] claims to determine whether service of process should issue," and that an order regarding whether his claims were sufficient to survive initial review was "forthcoming." (Case No. -4804, Dkt. No. 5.) On August 1, 2025, the

undersigned entered an order authorizing service of process in Case No. -4804 and issued the summonses for Deputy Posey and Sheriff Ritche. (Case No. -4804, Dkt. No. 9.)

Prior to receiving the Court's order authorizing service of process, however, Plaintiff filed the instant action against Deputy Posey and Sheriff Ritchie on July 28, 2025. *See Green v. Posey*, Case No. 2:25-cv-08727-BHH-MGB (D.S.C.). Notably, the pleading restates the very same facts and constitutional claims raised in Case No. -4804 regarding Plaintiff's arrest on October 30, 2024, and the criminal proceedings that followed. (Case No. -8727, Dkt. No. 1.) It is well-settled that "repetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous." *Paul v. de Holczer*, Case No. 3:15-cv-2178-CMC-PJG, 2015 WL 4545974, at *6 (D.S.C. July 28, 2015) (internal quotation marks and citations omitted). "Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." *See Cottle v. Bell*, 229 F.3d 1142, at *1 (4th Cir. 2000) (Table). Because the pleadings in Case Nos. -4804 and -8727 are essentially the same, the undersigned finds it unnecessary to serve the duplicative pleading here.[1] *See Bryant v. United States Dep't of Interior*, No. 2:18-cv-2593-MBS-MGB, 2018 WL 5258812, at *4 (D.S.C. Oct. 9, 2018), *adopted sub nom. Bryant v. United States Dep't of the Interior*, 2018 WL 5255009 (D.S.C. Oct. 22, 2018), *aff'd sub nom. Bryant v. US Dep't of Educ.*, 764 F. App'x 344 (4th Cir. 2019) (finding summary dismissal appropriate where case was "duplicative" of other pending actions). Rather, in the interest of "judicial economy and

---

[1] Indeed, the only noticeable difference is the caption of the Complaint in Case No. -8727, which appears to list "County of Charleston" as a defendant—although neither the body of the pleading nor Plaintiff's proposed service documents include Charleston County as a party. (*See* Case No. -8727, Dkt. Nos. 1, 3.) Nevertheless, while it is not entirely clear whether Plaintiff intended to name Charleston County as a defendant in Case No. -8727, any such claims would fail under 42 U.S.C. § 1983. A municipality may be held liable under § 1983 only for "deprivations of federally protected rights caused by action taken 'pursuant to official municipal policy of some nature. . . .'" *Pembaur v. City of Cincinnati*, 475 U.S. 469, 471 (1986) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). To that end, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Here, both pleadings fail to allege any city policy or custom that resulted in the alleged violation of Plaintiff's rights. Consequently, any constitutional claims against Charleston County are subject to summary dismissal.

efficiency," *Paul*, 2015 WL 4545974, at *6, the undersigned **RECOMMENDS** that the Court **DISMISS** the instant action (Case No. -8727) without leave to amend, with the understanding that Plaintiff shall proceed with his claims against Deputy Posey and Sheriff Ritchie in Case No. -4804.

    **IT IS SO RECOMMENDED.**

August 13, 2025
Charleston, South Carolina

                MARY GORDON BAKER
                UNITED STATES MAGISTRATE JUDGE

    Plaintiff's attention is directed to the **important notice** on the next page.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).